## GOLDSTEIN v. HOCHBERG.

(Supreme Court, Appellate Term. January 7, 1904.)

1. SALES—ACTION FOR PURCHASE PRICE.

Defendant, having rented a machine from plaintiff, delegated his brother to buy it. Plaintiff's machinist examined and repaired the machine. Defendant's brother tested it, and then gave the machinist a check for the price. Subsequently defendant, claiming the machine was defective and out of repair, stopped payment of the check, but did not tender a return of the machine. There was no evidence of warranty. *Held*, that plaintiff was entitled to recover in an action on the check.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Harry Goldstein against Benjamin Hochberg on a check given for the purchase price of a machine sold to defendant. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

M. Meyers, for appellant.
M. Helfand, for respondent.

FREEDMAN, P. J. The defendant rented a sewing machine from plaintiff's assignor, one Ukon. After having used and paid rental for the machine for some two months, the defendant delegated his brother to purchase it. An agreement was entered into whereby Ukon was to send his machinist to defendant's place of business to overhaul the machine. This was done, and, after the machine had been attended to, the brother of defendant tried it, and then gave the machinist a check for $18, the agreed price, payable to Ukon. Subsequently the

defendant claimed that the machine was imperfect, and out of repair, and stopped payment on the check. Ukon assigned his claim to the plaintiff, who brought this suit on the check.

The machinist testified that he left the machine in first-class condition, and that after the defendant's brother tried it he was given the check which had presumably been signed by the defendant. The defendant has continuously retained possession of the machine, and has never offered to return the same. The defendant testified that he had a machinist examine the machine after it had been fixed by the machinist sent by Ukon, but the result of such examination is not shown. The defendant admits·that the machine did good work up to or near the time of the alleged purchase. There is no claim made by the defendant that plaintiff warranted the machine for any purpose. The testimony on the part of the plaintiff is undisputed, and defendant has failed to show any reason, either in law or ethics, for refusing to pay the purchase price for the property.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.